UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BYRON JERMAINE WELTON,   CIVIL NO. 15-2434 (MJD/JSM)

    Plaintiff,

v.   REPORT AND RECOMMENDATION

DR. PLIENE; DR. MCKENZIE;
P.A. OLSON; DR. STANTON; and
DR. U. BOCANEGRA,

    Defendants.

JANIE S. MAYERON, United States Magistrate Judge

Plaintiff Byron Jermaine Welton commenced this action by filing a complaint raising civil-rights claims against the named defendants. In an order dated May 18, 2015, this Court ordered that Welton pay an initial partial filing fee of at least $12.27 within 20 days, failing which this Court would recommend that this action be dismissed without prejudice for failure to prosecute.[1]  *See* Fed. R. Civ. P. 41(b).

---

[1] In a letter dated June 10, 2015, the U.S. Department of Justice ("DOJ") requested that this Court reconsider its May 18 Order. That request is denied. As an initial matter, the DOJ is incorrect when it states that this Court earlier granted Welton *in forma pauperis* ("IFP") status. Welton has never been granted IFP status in this case; this Court merely ordered that Welton pay the initial partial filing fee required under 28 U.S.C. § 1915(b). Had Welton paid this initial partial filing fee, this Court would have proceeded to screen Welton's complaint pursuant to 28 U.S.C. § 1915A. This is now unnecessary given Welton's failure to prosecute.

The DOJ also argued in its letter that Welton was ineligible for IFP status under § 1915(g). This Court has searched without success for the cases cited by the DOJ in support of its argument that Welton has "struck out" of federal court. In any event, the question of Welton's eligibility for IFP status is currently moot in light of Welton's failure to pay the initial partial filing fee. Should Welton later pay the required initial partial filing fee in this case, or should Welton bring other litigation in this District, the DOJ may submit evidence showing that Welton is ineligible for IFP status under § 1915(g).

That deadline has now passed, and Welton has not yet paid the required initial partial filing fee. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE for failure to prosecute.

2. Petitioner Byron Jermaine Welton's application to proceed *in forma pauperis* [Docket No. 2] be DENIED AS MOOT.

3. Welton's motion to amend pleadings [Docket No. 6] be DENIED AS MOOT.

Dated:     June 17, 2015

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement as of **July 1, 2015**.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.